UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | * | Case No. 2:20-cv-4695 |
| *Plaintiffs,* | * | |
| v. | * | |
| **ATLAS GENERAL CONSTRUCTION LLC,** | * | **COMPLAINT** |
| *Defendant.* | * | |
| | * | |

Plaintiffs Boards of Trustees of the Ohio Laborers Benefits, by and through undersigned counsel, state their Complaint as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action seeking equitable relief, monetary relief, costs, expenses, and attorneys' fees. Specifically, Plaintiffs seek $19,102.29—i.e., $16,408.15 in principal, $1,640.81 in liquidated damages, and $1,053.33 in interest through August 1, 2020—plus 1% monthly interest from August 1, 2020, attorneys' fees, and court costs related to the collection thereof. Finally, Plaintiffs seek orders from this Court (1) enjoining Defendant from further breaching the terms of the plan documents and violating ERISA and (2) enforcing the terms of the plan documents and ERISA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185, and 29 U.S.C. § 1132(e).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of

the events or omissions giving rise to the claim occurred in Franklin County, Ohio and under 29 U.S.C. § 1132(e)(2) because the plans are administered in Franklin County, Ohio.

3. Under 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

**PARTIES**

4. Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund—and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust.  The plans collectively are known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081. The plans also are obligated pursuant to collective bargaining agreements to collect contributions to the LIUNA Tri-Funds, three national labor-management cooperative trusts.

5. Defendant Atlas General Construction LLC ("Defendant") is a West Virginia limited liability company with its principal place of business in Wood County, West Virginia. Defendant is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7).

**FACTUAL BACKGROUND**

6. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

7. Since November 12, 2019, Defendant and Laborers' International Union of North America, Local 83 have been signatory to a Building Agreement ("CBA") covering building construction work in eleven counties in southern Ohio.

8. Defendant was at all times relevant bound to the Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds by virtue of executing the CBA and performing work thereunder.

9. All of those referenced documents obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the aforesaid CBA.

10. The CBA, the Agreements and Declarations of Trust, and the rules and regulations promulgated by the Boards of Trustees for the Ohio Laborers Benefits authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages and interest where an employer like Defendant fails to timely remit required contributions.

11. In May 2020, Plaintiffs conducted an audit of Defendant, finding that between the time period of November 2019 through March 2020, Defendant failed to remit contributions in the amount of $16,408.15, resulting in the additional assessment of liquidated damages in the amount of $1,640.81 and interest in the amount of $1,053.33 through August 1, 2020—plus 1% monthly interest thereafter, attorneys' fees, and court costs.

12. Plaintiffs have demanded payment from Defendant several times in advance of filing suit.

13. To date, Defendant has not remitted the required payments to Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (*Breach of Collective Bargaining Agreement*)

14. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

15. Pursuant to the terms of the CBA, Defendant was required to remit contributions to Plaintiffs.

16. As such, Plaintiffs are intended third-party beneficiaries entitled to enforce the terms of the CBA.

17. Defendant's failure to remit timely payment of the delinquent contributions, the liquidated damages, and interest assessed by Plaintiffs constitute a breach of the CBA and a violation of 29 U.S.C. § 185.

18. As a direct and proximate result of Defendant's breach of the CBA, Plaintiffs have suffered damages.

## SECOND CLAIM FOR RELIEF
### (*ERISA*)

19. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

20. Defendant's failure to make said payments under the CBA constitutes a violation of 29 U.S.C. § 1145.

21. Defendant's violation of 29 U.S.C. § 1145 has damaged Plaintiffs.

22. Plaintiffs therefore seek and are entitled to delinquent contributions, liquidated damages, and interest due and owing on delinquent contributions, plus the costs involved in bringing this action, including attorneys' fees, court costs, and expenses pursuant to 29 U.S.C. § 1132(g).

## THIRD CLAIM FOR RELIEF
### (*Injunctive Relief*)

23. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

24. In failing to pay contributions due and owing under the CBA, Defendant breached the terms of the governing documents of the Ohio Laborers Benefits and violated 29 U.S.C. § 1145.

25. Plaintiffs therefore seek, pursuant to 29 U.S.C. §§ 1132(a)(3)(A) and (B) an Order from this Court (1) ordering Defendant to make timely contributions, (2) enjoining Defendant from further breaching the terms of the governing documents of the Ohio Laborers Benefits and violating ERISA, (3) ordering Defendant to submit monthly contribution reports to Plaintiffs, and (4) enforcing the governing documents of the Ohio Laborers Benefits and ERISA.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. That this Court enter an Order that Defendant's failure to remit timely required contributions constitutes a violation of 29 U.S.C. § 1145;

B. That this Court enter an Order that Defendant's failure to remit timely required contributions is a breach of the CBA and constitutes a violation of 29 U.S.C. § 185;

C. That this Court enter an Order requiring Defendant to pay to Plaintiffs at least $19,102.29—that is, $16,408.15 in principal, $1,640.81 in liquidated damages, and $1,053.33 in interest through August 1, 2020—plus 1% monthly interest from August 1, 2020, attorneys' fees, and court costs related to the collection thereof;

  D. That this Court enter an Order pursuant to 29 U.S.C. § 1132(g) requiring Defendant to pay interest plus the costs of this action, including reasonable attorneys' fees, court costs, and expenses; and

  E. That this Court award any and all other relief deemed appropriate.

        Respectfully submitted,

        MANGANO LAW OFFICES CO., LPA

        /s/Ryan K. Hymore
        Ryan K. Hymore (0080750)
        3805 Edwards Road, Suite 550
        Cincinnati, Ohio 45209
        T: (513) 255-5888
        F: (216) 397-5845
        rkhymore@bmanganolaw.com

        *Counsel for Plaintiffs*